IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIS LAURITZ PETERSEN, JR., LESLEE P. CHRISTENSEN, ALLAN D. PETERSEN, KRISTINE PETERSEN SMITH, and DEAN B. PETERSEN, as trustees of the Margarett Park Petersen Family Living Trust,<br><br>      Plaintiffs,<br><br>  v.<br><br>RIVERTON CITY, a Utah municipality,<br><br>      Defendant. | Case No. 2:08-CV-664 SA<br><br><br><br><br>**ORDER DENYING MOTION TO DISMISS** |

     Before the court is a Motion to Dismiss filed by Defendant Riverton City (hereafter "Defendant"). (Docket Entry #3.) Defendant argues that Plaintiffs' federal constitutional claims must be dismissed because Plaintiff failed to satisfy ripeness requirements, which are a necessary prerequisite to federal constitutional review. Having carefully considered the parties' memoranda and oral arguments, the court denies Defendant's motion.

**BACKGROUND**

Plaintiff filed this action in Utah State Court, alleging takings claims under the Utah and Federal Constitutions, as well as a due process claim and a claim for interference with existing and prospective economic relations.  Defendants then removed the action to this court and the case was assigned to United States Magistrate Judge Samuel Alba.[1]  (Docket Entry #1, 2.)  The same day Defendant removed this action to this court, Defendant also filed its motion to dismiss that is now before the court, alleging ripeness requirements have not been satisfied, that Plaintiff's federal claims should be dismissed, and the state claims should then be sent back to state court.  (Docket Entry #3.)

Plaintiffs filed a memorandum opposing Defendant's motion to dismiss, then Defendant filed a reply to Plaintiffs' memorandum.  (Docket Entries #12, 13.)  On January 20, 2008, the court heard oral arguments in the case.  (Docket Entry #18.)

**ANALYSIS**

Citing to *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), Defendant argues that Plaintiffs' federal claims are not ripe.  A ripeness challenge is a challenge to the court's subject matter jurisdiction.  *See*

---

[1] The parties consented to presiding magistrate judge jurisdiction on September 29, 2008.  (Docket Entry #11.)

*Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996).

In asking that this case be dismissed, Defendant relies upon case law that holds a property owner technically has not suffered a Takings Clause violation until that owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the state.  *See, e.g., Williamson County*, 473 U.S. at 195; *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 (10th Cir. 1992); *Katsos v. Salt Lake City Corp.*, 634 F. Supp. 100, 106 (D. Utah 1986).

As Defendant points out, Utah provides aggrieved property owners with the procedural means to obtain just compensation. *See J.B. Ranch*, 958 F.2d at 308.  The Utah Constitution, Article I, Section 22, provides that "private property shall not be taken or damaged for public use without just compensation."  The Utah Supreme Court has held that this section of the Utah Constitution is a "self-executing" provision which provides a remedy for governmental action amounting to a "taking" of private property. *See Colman v. Utah State Land Board*, 795 P.2d 622, 630 (Utah 1990).  Further, the Utah Legislature has provided for a procedure to assert claims involving allegations of the taking or damaging of private property for public uses without just compensation.  *See* Utah Code Ann. § 63L-4-102, et al.[2]

---

[2]Defendant cites Utah Code Ann. Section 63-90a-1; however, that statute has been renumbered to Section 63L-4-102, cited

What Defendant fails to acknowledge is that Plaintiffs have both followed the procedure required by the Utah Code and has alleged a taking under Article I, Section 22 of the Utah Constitution.  Section 63L-4-201 of the Utah Code requires political subdivisions to adopt their own set of ordinances and guidelines to assist them in addressing takings claims.  It is uncontested that Plaintiffs first went through the administrative procedures adopted by Defendant, the political subdivision at issue in this case, to resolve their takings claims.  Furthermore, in their complaint in this case, Plaintiffs' takings claim cites to the Utah Constitution as well as the Federal Constitution.  (Docket Entry #2-2.)  As such, Plaintiffs have attempted and are attempting to obtain just compensation through the procedures provided by the state, as required by the case law cited above.

In addition, although some of the earlier case law cited by Defendant suggests that Plaintiffs must first resolve their state claims before they can bring a federal action, the Supreme Court clarified in *San Remo Hotel v. San Francisco*, 125 S. Ct. 2491 (2005), that such is not the required procedure.  The Court explained that such "piecemeal litigation or otherwise unfair procedures" were not necessary, but that plaintiffs could bring

---

above.

4

simultaneously, in the same action, state and federal takings claims.  *San Remo Hotel*, 125 S. Ct. at 2506.

During oral arguments, Defendant asserted that although *San Remo Hotel* states that Plaintiffs can bring state and federal takings actions in the same case, that Plaintiffs' federal claims should still be dismissed and the state claims sent back to state court because the state courts are better suited to address state constitutional claims.  Such a procedure is not required by *San Remo Hotel* and would be unduly burdensome to Plaintiffs.  Plaintiffs filed this case in state court.  Defendants then chose to remove it to this court.  In doing so, Defendants chose to have the federal court decide Plaintiffs' state constitutional claim.  It is not uncommon for this court to rule on state claims, and this court is prepared to do so again in this case.

## CONCLUSION

Based on the above analysis, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket Entry #3) is **DENIED.**

DATED this 4th day of March, 2009.

BY THE COURT:

SAMUEL ALBA
United States Magistrate Judge