IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIS LAURITZ PETERSEN, JR., LESLEE P. CHRISTENSEN, ALLAN D. PETERSEN, KRISTINE PETERSEN SMITH, and DEAN B. PETERSEN, as trustees of the Margarett Park Petersen Family Living Trust,<br><br>　　　　Plaintiffs,<br><br><br>　v.<br><br><br>RIVERTON CITY, a Utah municipality,<br><br>　　　　Defendant. | Case No. 2:08-CV-664 SA<br><br><br><br><br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the court is a motion for summary judgment filed by Defendant Riverton City. (Docs. 25, 55.) Riverton City argues that the claims brought in this action by Plaintiffs Willis Lauritz Petersen, Jr., Leslee P. Christensen, Allan D. Petersen, Kristine Petersen Smith, and Dean B. Petersen, as trustees of the Margarett Park Petersen Family Living Trust (collectively "the Petersens") are barred by issue preclusion. Having carefully considered the parties' memoranda and oral arguments, the court grants Riverton City's motion and orders that this case be dismissed.

## BACKGROUND

This action arises from the Petersens' dissatisfaction with Riverton City's decision not to change the zoning designation on a 20.84 acre parcel of undeveloped property ("the property") owned by the Petersens. The Petersens had entered into a conditional agreement with developer D.R. Horton to buy the property for $5.5 million; however, the deal did not occur because D.R. Horton terminated its purchase contract with the Petersens. The Petersens allege that Riverton City's denial of D.R. Horton's application to rezone the property to R-3 zoning resulted in the contract's termination.

In response to Riverton City's denial of the rezoning request, the Petersens filed two actions. First, they filed a petition for review pursuant to section 10-9a-801 of the Utah Code ("state case"). The Petersens' state case was unsuccessful. Utah State Judge Anthony Quinn granted Riverton City's motion for summary judgment, and the Utah Supreme Court unanimously upheld Judge Quinn's decision following the Petersens' appeal. *See Petersen v. Riverton City*, 2010 UT 58, ¶¶ 5, 30.

The Petersens also filed this federal civil rights action, alleging takings claims under the Utah and Federal Constitutions, as well as due process claims, an equal protection claim, and a state tort claim for interference with existing and prospective economic relations. This action was initially filed in Utah State Court, then Riverton City removed it to this court and the

case was assigned to United States Magistrate Judge Samuel Alba.[1] (Docs. 1, 2.)  When Riverton City removed this action to this court, it filed a motion to dismiss (Doc. 3), which the court denied on March 5, 2009 (Doc. 19).

Riverton City then filed a motion for summary judgment on April 15, 2009.  (Doc. 25.)  The Petersens filed a motion for leave to amend their complaint on April 27, 2009 (Doc. 29), followed by a Rule 56(f) motion on May 6, 2009 (Doc. 32).  At a July 22, 2009 hearing, the court granted the Petersens' two motions.  (Docs. 44-46.)  The Petersens filed their amended complaint on August 4, 2009.  (Doc. 47.)

After the court allowed extensive time for discovery to be conducted pursuant to the order granting the Petersens' Rule 56(f) motion, on December 22, 2010, Riverton City filed a renewed motion for summary judgment, which is now before the court. (Doc. 55.)  The Petersens filed their opposing memorandum on January 31, 2011 (Doc. 61), and Riverton City filed its reply memorandum on February 18, 2011 (Doc. 62).  The parties presented oral arguments to the court on March 8, 2011.  (Doc. 67.)

---

[1]The parties consented to presiding magistrate judge jurisdiction on September 29, 2008.  (Doc. 11.)

**ANALYSIS**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In its summary judgment motion, Riverton City argues that it is entitled to summary judgment because four of the Petersens' claims are barred by issue preclusion and the other one is barred by governmental immunity.

## I. Issue Preclusion

The court first addresses Riverton City's issue preclusion argument. Section 1738 of the United States Code "requires federal courts to give preclusive effect to any state-court judgment that would have preclusive effect under the laws of the State in which the judgment was rendered." *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 335 (2005); *see also id.*, at 347-48. "Federal courts . . . are not free to disregard 28 U.S.C. § 1738 simply to guarantee that all takings plaintiffs can have their day in federal court." *Id.* at 338.

Under Utah law, issue preclusion - also known as collateral estoppel - bars parties from relitigating facts and issues in a second suit that were fully litigated in the first suit if the following four elements are met:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the

4

> one presented in the instant action, (iii)
> the issue in the first action must have been
> completely, fully, and fairly litigated; and
> (iv) the first suit must have resulted in a
> final judgment on the merits.

*Orman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 29 (citation omitted);

*see also id.*, ¶ 31.

"[I]ssue preclusion 'prevents the relitigation of issues that have been once litigated and determined in another action *even though the claims for relief in the two actions may be different.'" Id.*, ¶ 31 (citation omitted) (emphasis in original). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, *whether on the same or a different claim*." Restatement (Second) of Judgments § 27 (1982) (emphasis added) (cited with approval and quoted in parenthetical in *Orman*, 2008 UT, at ¶ 31). Thus, "the question is whether the [Utah courts in the state action] actually decided an issue of fact or law that was necessary to its judgment," *San Remo Hotel*, 545 U.S. at 342, not whether the Petersens brought the same claims in the state action as they are bringing in this federal action.

## A.   Identical Parties

Turning to this case and the first element of issue preclusion, there is no dispute that the parties involved in this case are the same parties that were involved in the previous

state litigation.  Therefore, the first element of issue
preclusion is met.

## B.  Identical Issues

Second, for issue preclusion to apply, the issues decided in
the previous case must be identical to the ones presented in this
case.  The court concludes that this second element of issue
preclusion is met as to four of the five claims brought by the
Petersens in their amended complaint.

Four of the five claims brought by the Petersens in this
action present two issues which are identical to issues presented
in the Petersens' state case:  (1) whether the Petersens had any
constitutionally protectable property interest under state law
and (2) whether there was a reasonable basis for Riverton City's
denial of the rezoning application.  The state courts' findings
and conclusions regarding these two issues dispose of four (of
the five) claims brought by the Petersens in their amended
complaint, which alleges that Riverton City's denial of their
application for rezoning: (1) constituted a regulatory taking
under the United States and Utah Constitutions (Doc. 47, ¶¶ 36-
41); (2) violated substantive due process because it was
arbitrary, unreasonable, and irrational (*id.,* ¶¶ 42-51); (3)
deprived them of procedural due process (*id.,* ¶¶ 67-73); and (4)
deprived them of their equal protection rights (*id.,* ¶¶ 60-66).[2]

_____

[2]The Petersens' state law claim for interference with
economic relations was not addressed in the state case, and

6

The Petersens argue that "[t]he legal and factual issues presented in this federal civil rights case are not 'identical' to those considered by the Utah Supreme Court in reviewing the Petersen Family's petition for review [because] [t]he standard and scope of review . . . is not the same." (Doc. 61, at 23.) Nevertheless, as discussed in more detail below, the Petersens have not shown that material differences in the standard and scope of review exist.

### 1. *Regulatory Takings Claim*

The Petersens' complaint alleges that "[t]he denial of the [application to rezone the property] constitute[d] a regulatory taking." (Doc. 47, ¶¶ 37-40.) For their regulatory takings claim to succeed, the Petersens must establish that they had "a protectable property interest" that was sufficiently adversely affected by Riverton City's decision not to rezone their property to constitute a constitutional taking. *E.SPIRE Communications, Inc. v. New Mexico Public Regulation Comm'n*, 392 F.3d 1204, 1210 (10th Cir. 2004); *see also Utah Public Emps. Ass'n v. State*, 2006 UT 9, ¶ 27 ("A claimant must possess some protectable interest in property before [being] entitled to recover[y] under this [takings] provision.")

---

therefore is not barred by issue preclusion; however, it is barred by Riverton's City's governmental immunity, as discussed below.

7

This issue - whether the Petersens had a protectable property interest in Riverton City's denial of the rezoning application - is critical to the Petersens' regulatory takings claim, and was addressed by the Utah Supreme Court in the state case. In the state case, the Utah Supreme Court determined that the Riverton City Council's decision not to rezone the property took nothing from the Petersens because the decision left the property as it was, and that the Petersens did not have a constitutionally protected property interest in a favorable zoning decision that they allege would have increased the property's value. *Petersen*, 2010 UT 58, ¶¶ 21-23. The Utah Supreme Court wrote, "[M]aintaining an existing ordinance does not constitute 'driving down' the price of property." *Petersen*, 2010 UT 58, ¶ 22, n.2; *see also id.*, ¶23 n.3 ("The Petersens allege that the Council impermissibly sought to drive down the price of the Petersens' land so that Riverton City could obtain it for a decreased price. This argument is wholly without merit. The Council has simply maintained an original zoning classification."). That court further wrote:

> [T]he Riverton City Council had complete
> discretion in making a legislative decision
> to approve or deny an application for
> rezoning. We have not found, nor do
> plaintiffs point to, any City ordinances that
> limit the Council's discretion in zoning
> matters. The Petersens have alleged that
> City employees made representations that the
> City would grant their application, but this
> alone does not establish a protectable
> property interest.

*Petersen*, 2010 UT 58, ¶ 23.  That court also determined, "[The Petersens'] unilateral expectation of a zoning change simply does not rise to the level of a protectable property interest."  *Id.*, ¶ 24.  Thus, the Utah Supreme Court determined that the Petersens did not have a protectable property interest resulting from their expectation of a favorable rezoning application decision, and that such an interest did not arise from representations Riverton City employees allegedly made to them.  In addition, that determination was necessary to its judgment in the state case. *See id.*, ¶¶ 21-24 (concluding the Petersens' due process claim failed because they could not show they had a protectable property interest).

The Petersens argue that the existence of a protectable property interest in terms of a regulatory takings claim was not addressed in the state case because the property interest they are asserting is not a property interest in the expectation of a favorable rezoning decision; instead, the Petersens argue that the protectable property interest they are asserting in their takings claim is that of the property itself, and that "Riverton[ City's] zoning scheme, as applied, has effectuated a regulatory taking of the Petersen['s] property by destroying all economically viable use of the property."  (Doc. 61, at 35.)  The Petersens further describe their property interest as follows:

> The Petersen Family has a protectable property interest in its property and in the economic viability thereof, which has been

destroyed by Riverton's regulatory land use
scheme.  The denial of the Petersen Family's
rezone application demonstrates that
Riverton's zoning scheme has effectuated a
regulatory taking of the property by
destroying all economically viable use of the
property.  Riverton has therefore effectuated
a regulatory taking of the Petersen Family's
property without just compensation, in
violation of the Fifth Amendment.

*Id.*  Thus, the Petersens appear to argue that the protectable

property interest at issue in their takings claim is the

economically viable use of the property, not any expectation or

interest in a favorable rezoning decision.  This argument lacks

merit.

In their amended complaint, the Petersens set forth their

regulatory takings claim as follows:

> 37.  *The denial of the Application
> constitutes a regulatory taking* because it
> deprives Plaintiffs of all reasonable
> economically viable uses of the Property,
> including all economically beneficial or
> productive use of the Property.
> 38.  *The denial of the Application
> constitutes a regulatory taking* because it
> places a significant restriction on
> Plaintiff's use of the Property in that it
> prohibits development of the Property
> consistent with the Master Plan in 1/3 acre
> lots.
> 39.  *The denial of Plaintiffs'
> Application constitutes a regulatory taking*
> because it is economically impossible to
> develop the Property at issue into ½ acre
> lots.  No ½ acre residential subdivision lots
> are currently being developed in Riverton.
> In the last three years, only two residential
> subdivisions with ½ acre or larger lots have
> been approved by the Riverton City Council;
> all other developments have included 1/3
> acre, 1/4 acre, or smaller lots.

10

> 40.  *Because the denial of the*
> *Application constitutes a regulatory taking*
> under Article 1 Sections 7 and 22 of the Utah
> Constitution and the Fifth Amendment to the
> United States Constitution, Plaintiffs are
> entitled to receive just compensation for the
> taking in an amount to be proven at trial,
> but not less than $5.5 million.

(Doc. 47, ¶¶ 37-40 (emphasis added).)  Thus, the amended complaint does not describe Riverton City's "regulatory scheme" as the basis of the takings claim.  Further, it does not state that the denial of the rezoning application "demonstrate[d]" the regulatory scheme's effectual taking.  Instead, it stated that the denial of the rezoning application *constituted* a regulatory taking.  By this description, the property interest asserted by the Petersens under their regulatory takings claim is their expectation or interest in having the rezoning application approved.  The Petersens' attempt to recharacterize their property interest is simply an artful play of words.

The Utah Supreme Court determined the Petersens do not have a protectable property interest in their expectation of a favorable rezoning application decision, which determination was necessary to the court's judgment.  Further, that identical issue is a necessary element of the Petersens' regulatory takings claim.  Consequently, this court concludes that as to the regulatory takings claim, the second element of issue preclusion is met.

## 2. Due Process Claims

The Utah Supreme Court's conclusion that the Petersens did not have a protectable property interest in Riverton City's approval of the rezoning application also bars the Petersen's due process claims.

"[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectable property interest." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000); *see also Heideman v. Washington City*, 2007 UT App 11, ¶ 17 ("To prevail on a due process claim, a party must first establish that it has a 'protectable property interest.' This is an interest in which one has '"a legitimate claim of entitlement."'" (citations omitted)). Because, as just discussed, the Utah courts determined in the Petersens' state case that the Petersens have no constitutionally protected property interest, and the determination of that issue was necessary to the state court's judgment, the second element of issue preclusion is met as to their due process claims.

The Petersens argue that the state case did not address the identical issue that exists in their due process claims in this case because they are not claiming a protectable interest in a "favorable zoning decision"; instead, they argue, the protectable property interest at issue in their due process claims is a "fair zoning decision." (Doc. 61, at 29.) The Petersens argue:

12

> Contrary to Riverton's assertion, the
> Petersen Family is not claiming a protectable
> interest in a "favorable zoning decision."
> Rather the Petersen Family had a protectable
> property [interest] in a fair zoning
> decision. This is a protectable property
> interest in fundamental fairness and
> protection of its property values, created
> and implied by Utah Code Ann. § 10-9a-102
> [providing that "The purposes of this chapter
> are . . . to provide fundamental fairness in
> land use regulation, and to protect property
> values."].

(Doc. 61, at 32.) Thus, the Petersens appear to be

characterizing their rights to due process as the actual property

interest at issue in their due process claims; however, due

process rights provide for "fair" decisions and "fundamental

fairness," but they do not constitute the actual property

interest at issue in a due process claim. *Cf. Hyde Park Co.*, 226

F.3d at 1210 (explaining that "[a]n abstract need for, or

unilateral expectation of, a benefit does not constitute

'property'").

Furthermore, in their amended complaint, the Petersens

describe their protectable property interest under their

substantive due process claim as follows:

> 43. Plaintiffs have a protect[a]ble
> property interest in the approval of their
> Application, and in the reasonable economical
> use of the property.
> 44. As a result of the meeting . . . in
> which the Mayor of the City of Riverton and
> members of the City Council verbally approved
> the Application and assured D.R. Horton that
> the Application would be granted, Plaintiffs
> have a mutually explicit understanding and
> *legitimate claim of entitlement in the*

> *approval of their Application* warranting due
> process protection.

(Doc. 47, ¶¶ 43-44 (emphasis added).)  The Petersens do not
explicitly state their property interest under their procedural
due process claim, but they do state, "Because the denial of the
[zoning application] was a violation of Plaintiffs' procedural
due process rights, Plaintiffs are entitled to a judgment
reversing the denial."  (Doc. 47, ¶ 73.)  As such, and especially
in the context of the rest of their complaint, the Petersens
characterize the actual property interest at issue in their
procedural due process claim as their interest in a favorable
decision of the rezoning application.[3]  Therefore, attempts at
artfully recharacterizing that interest in their memorandum
opposing the summary judgment motion do not succeed in overcoming
issue preclusion.[4]

------

[3]The Petersens also attempt to recharacterize their property
interest as a protectable interest that arose from their
investment of time, money, and effort in the conditional purchase
agreement with D.R. Horton.  (Doc. 61, at 33.)  The Petersens
cite *Moreland Properties, LLC v. Thornton*, 559 F. Supp. 2d 1133
(D. Colo. 2008), as support for this characterization of their
property interest; however, as explained in detail by Riverton
City, the Petersens' case is readily distinguishable from
*Moreland* and is more analogous to *JJR 1, LLC v. Mt. Crested
Butte*, 160 P.3d 365, 369-71 (Colo. Ct. App. 2007), and *Hillside
Cmty. Church v. Olson*, 58 P.3d 1021, 1027-29 (Colo. 2002), which
support the determination that the Petersens lack any property
interest necessary to support their due process claims.  (Doc.
62, at 28 n.6.)

[4]The court notes that the Petersens did specifically assert
due process claims in their state case.  *See Petersen*, 2010 UT
58, ¶¶ 5, 21, 23-24.  The Utah Supreme Court concluded that the
Petersens' due process claims failed because the Petersens could

14

Because the identical issue dispositive of the Petersens'
due process claims was decided by the Utah Supreme Court in the
state case, which issue was necessary to the state court's
judgment, the court concludes that those claims are barred by
issue preclusion.

### 3. Equal Protection Claim

Turning to the Petersens' equal protection claim, the
Petersens allege they were treated differently than others who
were "similarly situated," that the treatment was without
"rational basis" and was "motivated by a totally illegitimate
animus." (Doc. 47, ¶¶ 62-63.) As Riverton City points out,
because the Petersens' equal protection claim is not based on
membership in a protected class, the "class-of-one" equal
protection analysis applies to their claim. That theory requires
the Petersens to show that Riverton City's challenged decision
was without any conceivable legitimate basis. *See Jicarilla
Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1211 (10th Cir.
2006) (explaining that "a class-of-one plaintiff must show that
the official action was objectively irrational and abusive"); *see
also id.* at 1209 ("In the paradigmatic class-of-one case, a
public official inflicts a cost or burden on one person without
imposing it on those who are similarly situated in material

---

not show they had a protectable property interest. *See id.* That
court also specifically held that the Petersens had failed to
state a cognizable procedural due process claim. *Id.*, ¶ 12 n.2.

respects, and does so without any conceivable basis other than a wholly illegitimate motive."); *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (explaining that a class-of-one plaintiff must show that "no rational person could regard the [plaintiff's circumstances] to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy") (overruled on other grounds) (cited with approval by *Highland Dev. Inc., v. Duchesne County*, 505 F. Supp. 2d 1129, 1151 (D. Utah 2007)).

Thus, the issue of whether Riverton City's rezoning denial lacked any conceivable legitimate basis is dispositive of the Petersens' equal protection claim. The Tenth Circuit has explained that a conceivable legitimate basis is shown if the defendant presents credible evidence of a rational government basis for the treatment. In addition, evidence of a rational or reasonable government basis defeats a class-of-one equal protection claim even if evidence of pretext, or ill will, is presented. *See Highland Dev., Inc.*, 505 F. Supp. 2d at 1153 ("In the Tenth Circuit, pretext, or subjective ill will, is not relevant to a class-of-one claim. If there is evidence of a rational government basis for the treatment, then the class-of-one claim fails as a matter of law."); *see also Jicarilla Apache National,* 440 F.3d at 1210-11 ("Because a class-of-one plaintiff must show that the official action was *objectively* irrational and abusive, . . . pretext is not an issue. . . . If there was an

objectively reasonable basis for the Defendants' actions in this case, the district court did not err in granting summary judgment in favor of the Defendants on that ground . . . ." (emphasis in original)).

In the state case, the Utah Supreme Court ruled that "there was clearly a reasonable basis for the [Riverton City] Council to deny the Petersens' application." *Petersen*, 2010 UT 58, ¶ 15. As such, the Utah Supreme Court addressed the identical issue now being presented to this court in the Petersens' class-of-one equal protection claim. Furthermore, the determination of that issue was necessary to its judgment. *See Petersen*, 2010 UT 58, ¶¶ 5, 15, 16.

The Petersens argue that issue preclusion does not apply to their equal protection claim because the issue presented and decided in the state case was not identical to the one presented here. The Petersens argue that a different standard applied in the state case because a statutory presumption of validity existed in that case; however, as Riverton City points out, a statutory presumption of validity also exists in this case. A presumption of rationality or constitutionality exists in civil rights cases involving legislation, such as this one. *See Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007); *United States v. Phelps*, 17 F.3d 1334, 1343 (10th Cir.), *cert. denied, Phelps v. United States*, 513 U.S. 844 (1994); *see also Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993) (explaining that courts must afford

a governmental economic decision a "strong presumption of validity" and uphold such a decision "'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification'" (citation omitted)).

The Petersens also argue that the issues are not identical because in the state case the Utah courts examined whether Riverton City's rezoning denial was "reasonably debatable" rather than arbitrary and capricious; however, this argument lacks merit because, in reaching their decision, the Utah courts considered the identical issue presented in the instant case – whether the rezoning denial had a rational or reasonable basis. The Utah Supreme Court, in the language that follows, explicitly made this determination, which determination was necessary to its judgment in the case:

> . . . In so doing, [the district court] applied the reasonably debatable standard of review to the Council's decision *and held that it was not arbitrary, capricious or illegal because there was a reasonable basis for it.*
> . . .
> Having determined that the district court in this case was reviewing a legislative decision under the reasonably debatable standard, we must now determine whether the district court was correct in holding that the City's decision was, in fact, reasonably debatable. . . . [¶] As was the case in *Bradley*, at the Riverton City Council's hearing on the Petersen's application for rezoning of their Property, there were public comments made in opposition to the proposed change. These comments expressed concern about increases in traffic, the ability to continue to raise large farm

18

animals, and the loss of the City's
character.  The Council properly considered
these citizens' concerns in deciding to deny
the Petersens' application. . . . The
decision must simply be reasonably debatable
after consideration of all the evidence in
favor of and against the proposed change.  In
this case *there was clearly a reasonable
basis* for the Council to deny the Petersens'
application.
. . .
    . . . As we have discussed, *there was a
reasonable basis* for the Council's decision
and no evidence of bad faith or procedural
defect in the Council's hearing.

*Petersen*, 2010 UT 58, ¶¶ 5, 12, 15, 22 n.2.  Thus, the Utah

Supreme Court determined that Riverton City's denial of the

rezoning application had at least some "reasonable basis."

    The court is aware that the Petersens have done extensive

discovery on the issue of pretext or malice, which discovery was

not allowed in the state case; however, any evidence of pretext

or malice does not change the outcome of their class-of-one equal

protection claim.  The Utah Supreme Court expressly found that

the Riverton City Council had several reasonable bases upon which

it denied the rezoning application, and that determination is

binding upon this court.  *See San Remo Hotel*, 545 U.S. at 342;

*Highland Dev. Inc.*, 505 F. Supp. 2d at 1153 ("In the Tenth

Circuit, pretext, or subjective ill will, is not relevant to a

class-of-one claim.  If there is evidence of a rational

government basis for the treatment, then the class-of-one claim

fails as a matter of law.").

19

In conclusion, because the state court determined that a reasonable basis existed for the rezoning denial, which determination was necessary to the state case's judgment, and because that identical issue is dispositive of the Petersens' equal protection claim in the instant case, the court concludes that the second element of issue preclusion is met as to the Petersens' equal protection claim.

In summary, the court concludes that the second element of issue preclusion is met as to the Petersens' regulatory takings, due process, and equal protection claims because identical and dispositive issues to those claims were decided in the state case, and those issues were necessary to the state judgment.

## C.  Completely, Fully, and Fairly Litigated

The court next examines whether the dispositive issues discussed above were completely, fully, and fairly litigated, as required by the third element of issue preclusion.  As with the second element of issue preclusion, just discussed, the Petersens argue that this third element of issue preclusion is not met because the Utah courts did not decide those dispositive issues under the same standard or scope of review that this court must employ.

The court addressed this argument in the previous section and found it meritless.  Furthermore, in the state case, after considering the evidence and arguments presented, the courts made binding findings of fact and conclusions of law regarding the

dispositive issues.  As such, this court concludes that the third element of issue preclusion is met as to the four claims just discussed because dispositive issues were completely, fully, and fairly litigated in the state case.

### D.  Final Judgment on the Merits

Both at the district and appellate levels, the Petersens' state case was decided on the merits and a final judgment was issued.  The findings and conclusions regarding those dispositive issues discussed herein were necessary to the state court's final judgment.  Thus, the fourth and final element of issue preclusion also was met as to the four claims discussed above.

As a result, the court concludes that issue preclusion bars the Petersens from bringing their regulatory takings claim, equal protection claim, and substantive and procedural due process claims in this action.  Whether the Petersens had any constitutionally protectable property interest under state law in the denial of the rezoning application, and whether there was a reasonable basis for that denial - dispositive issues to the four civil rights claims brought in this action - were all examined and determined in the state case.  As a result, under the doctrine of issue preclusion, this court may not again address these issues, and the Petersens are precluded from presenting those claims in this action.[5]

---

[5]The court notes that as part of their argument that issue preclusion should not prevent them from bringing their civil

## II. Governmental Immunity

Finally, turning to the Petersen's fifth claim, Riverton City argues that the court should grant summary judgment as to that claim because it is barred by Riverton City's governmental immunity. The Petersens' final claim is that by not granting the rezoning application, Riverton City intentionally interfered with existing or prospective economic relations ("economic interference claim") with developer D.R. Horton. (Doc. 47, ¶¶ 52-59.)

Riverton City has blanket immunity for governmental functions. *See* Utah Code Ann. § 63G-7-201. A "governmental function" "means each activity, undertaking, or operation of a governmental entity." *Id.* § 63G-7-102(4)(a). Under this statutory definition, the Riverton City Council's decision to deny a rezoning application is a governmental function, and is thus protected by governmental immunity.

Having concluded that the city council's rezoning decision is protected by governmental immunity, the court next examines whether an exception to that immunity applies. *See Wagner v.*

---

rights claims, the Petersens have explained that the Utah Supreme Court indicated they could file a separate action raising the constitutional claims at issue here, which they obviously did by filing this action; however, that court did not state or imply that the Petersens would be exempt from any preclusive effects resulting from that litigation strategy. *See San Remo Hotel*, 545 U.S. at 342 ("We have repeatedly held . . . that issues actually decided in valid state-court judgments may well deprive plaintiffs of the 'right' to have their federal claims relitigated in federal court.").

*Utah*, 2005 UT 54, ¶ 12.  The Petersens are asserting Riverton City's action interfered with the contract between the Petersens and D.R. Horton by denying the rezoning application.  No specific waiver of immunity exists for a city's allegedly tortious interference with contractual rights, *see* Utah Code Ann. § 63G-7-301.  As Riverton City points out, although Section 63G-7-301(4) waives blanket immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment," Section 63G-7-301 expressly excepts from that waiver any injury caused by "interference with contract rights," *see id.* § 63G-7-301(5)(b).  As a result, the court concludes that the Petersens' economic interference claim is barred by governmental immunity.

In summary, the Petersens' five claims are barred by issue preclusion and governmental immunity, preventing this court from addressing them.

## CONCLUSION

Based on the above analysis, **IT IS HEREBY ORDERED** that Riverton City's motion for summary judgment (Docs. 25, 55) is **GRANTED** and this case is **DISMISSED.**

DATED this 24th day of March, 2011.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge

23